UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AMERICAN MODERN HOME INSURANCE
COMPANY,

       Plaintiff,

v.                                  Case No. 05-71868

MARTHA MURPHY,              HONORABLE AVERN COHN

       Defendant.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS[1]

### I.  Introduction

This is an insurance dispute.  Plaintiff American Modern Home Insurance

Company (American Home) is suing defendant Martha Murphy (Murphy) for a

declaratory judgment.  American Home seeks an order that it is not obligated to provide

coverage to Murphy for a third-party tort claim being litigated in state court for damages

caused by a dog bite.

Before the Court is Murphy's motion to dismiss on the grounds that American

Home can litigate the issue of coverage in state court.  For the reasons that follow, the

motion is DENIED.

### II.  Background

_____

[1]The Court originally scheduled this matter for hearing.  Upon review of the
parties' papers, however, the Court finds that oral argument is not necessary.  See E.D.
Mich. LR 7.1(e)(2).

1

Murphy obtained a homeowners insurance policy from American Home beginning on March 1, 2004 and ending on March 1, 2005.

The policy, attached to the complaint, contains the relevant provisions:

PERSONAL LIABILITY COVERAGE
...
2.      **We** will not pay more than $10,000 for any claim made or suit brought against any **insured person** for **bodily injury** or **property damage** caused by or contributed to by an animal owned by, or in the care or custody of any **insured person**.  This limit is the maximum we will pay for any one **occurrence**.

Although the above provision would appear to provide coverage in th event of a dog bite, American Home points to the following exclusion:

HOME PROTECTOR POLICY ANIMAL LIABILITY EXCLUSION

**SECTION II - LIABILITY COVERAGE**

**Personal liability Coverage:**

Paragraph 2 is deleted.

**SECTION II - EXCLUSIONS**

The following is added to Paragraph 2:
j.      **We** agree with **you** that this policy will provide no coverage for any claim made or suit brought against any **insured person** for **bodily injury** or **property damage** caused by or contributed to by an animal owned by, or in the care or custody of any **insured person**.

         If any provision of this policy or any endorsement attached to this policy is in conflict with this exclusion, the provisions of this endorsement will govern.

All other provisions of the policy apply.

On February 3, 2004, a dog owned by Murphy bit and injured Murphy's granddaughter at Murphy's home.

2

On April 1, 2004, Murphy's granddaughter, Ashley Austin, sued Murphy in Wayne County Circuit Court for damages as a result of the dog bite.

American Home has tendered a defense in the third party action under a reservation of rights.

On May 11, 2005, American Home filed the instant declaratory judgment action. American Home says that Murphy's homeowner's policy specifically excludes coverage for the dog bite at issue.

On June 17, 2005, Murphy filed a counter-complaint for declaratory relief, asking "this Court to make a determination as to whether [Murphy] was insured and received protection through [American Home] for any claims brought against [Murphy] during the period of time that her insurance was in force, and that [Murphy] be reimbursed for costs, fees and charges incurred as a result of being obligated to retain counsel to represent her in said action."

On August 10, 2005, Murphy filed the instant motion.

### III.  Analysis

### A.  Legal Standard

Under the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a). The district courts have discretion to render a declaratory judgment.  Id.   The Court of Appeals for the Sixth Circuit has stated that a district court must apply a five-factor balancing test when determining whether to exercise its discretion: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the

3

declaratory remedy is being used merely for the purpose of "procedural fencing" or "to race for res judicata"; (4) whether use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.  See Grand Truck Western RR Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th cir. 1984); Bituminous Cas. Corp. v. J & L Lumber Co., 373 F.3d 807, 813 (6th Cir. 2004).  Also important to consider are concerns about federalism expressed in Wilton v. Seven Falls Co., 515 U.S. 277 (1995), which include the following additional factors:

> 1. whether the underlying factual issues are important to an informed resolution of the case;

> 2. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

> 3. whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

## B.  Discussion

### 1.

American Home seeks a declaration that it does not have to provide a defense or coverage to Murphy in the third party action based on the language of the policy. Murphy says that the issue of coverage, and indemnification, can be litigated in state court.  Murphy asks that the Court, in its discretion, dismiss the case.  American Home says that  declaratory relief is appropriate under the circumstances.

In Allstate v. Green, 825 F.2d 1061 (6th Cir. 1987), the Court of Appeals for the

4

Sixth Circuit considered the proprietary of a homeowners insurer bringing a declaratory judgment action for a determination of its duty to defend a third party state court action. The district court dismissed the case for lack of jurisdiction.  The Court of Appeals reversed and remanded essentially for the district court to consider the factors in Grand Trunk set forth above.  In so doing, the Court of Appeals noted that while courts do deny declaratory relief in insurance coverage cases, there is no per se rule against granting declaratory relief:

> The grant of declaratory relief in insurance coverage cases undoubtedly settles the controversy over the insurer's liability to provide a defense for and/or indemnify its insured, thus clarifying the legal relations in issue.  Further, as in Odom, "[w]e have no evidence that [Allstate] has done any more than properly choose the jurisdiction of federal rather than state court, a choice given by Congress." Id. at 250 n. 1.  Furthermore, 1067 the existence of a "parallel" state court proceeding is a question to be determined specifically by the district court; the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state court jurisdiction. The Michigan courts have explicitly held that a finding of negligence in a state tort suit is not res judicata in an insurer's subsequent coverage suit alleging exclusion under an intentional acts clause since the insurer was not (and could not have been) a party to the tort suit and had properly preserved its defense by a reservation of rights. Havens v. Roberts, 139 Mich.App. 64, 66-67, 360 N.W.2d 183, 184 (1984). Thus, the liability issues being determined in the state court proceeding may well be legally, if not factually, distinct from the issues of policy interpretation which are central to the federal declaratory action.

> Finally, we are not convinced that an action for indemnity, instituted only after the insurance company has provided a defense which it may not have been obligated to render, is in every case a "superior remedy."  This too, is a determination which is not amenable to a per se rule but must be made only after consideration of the unique facts of each case.

Allstate v. Green, 825 F.2d at 1066-67.

**2.**

Here, application of the <u>Grand Trunk</u> factors and considerations of federalism lead to the conclusion Murphy's motion must be denied.  First, a judgment of non-coverage for the dog bite would settle the controversy between the parties here and would clarify American Home's obligations in the state case.  There is no evidence that American Home filed this action for any improper purpose -- it filed its complaint a little over a month after the state court case was filed, presumably in hopes of settling the coverage question quickly while simultaneously providing a defense in state court. Moreover, Murphy filed a counter-complaint also seeking declaratory relief, thus indicating her belief that the Court can, and should, settle the coverage issue.  Murphy's motion to dismiss does not address the fate of her counter-claim should the Court dismiss American Home's complaint. Entertaining this action will not likely cause friction between the state and federal courts because the issues are different.  The issues in the state court case sound in tort - proximate cause and damages; the issues in this case sounds in contract - interpretation of the policy language.  While American Home has tendered a defense in state court, the issue of coverage is not part of that case. Under these circumstances, the exercise of federal jurisdiction over the coverage issue is appropriate.

SO ORDERED.

                                              s/Avern Cohn
                                         AVERN COHN
Dated:  September 21, 2005            UNITED STATES DISTRICT JUDGE
        Detroit, Michigan